**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

**In re:**

**GLOBAL REALTY MANAGEMENT, INC.,**        **CHAPTER 11**

     **DEBTOR,**

                                      **CASE NO. 19-12812-KHK**

**v.**

**WILMINGTON SAVINGS FUND
SOCIETY, FSB, D/B/A CHRISTIANA
TRUST AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT
OPPORTUNITIES TRUST V,**

     **RESPONDENT.**

**RESPONSE TO MOTION TO DETERMINE
VOID/INVALIDATE FORECLOSURE SALE**

**NOTICE**
**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**TO:    GLOBAL REALTY MANAGEMENT, INC. AND KIMBERLY VU, DEBTOR AND DEBTOR DESIGNEE**

**THE HEARING IS SCHEDULED TO BE HELD ON OCTOBER 8, 2019 AT 11:00 A.M. IN THE U.S. BANKRUPTCY COURT, ALEXANDRIA DIVISION, 200 S. WASHINGTON STREET, ALEXANDRIA, VA 22314, COURTROOM III, 3RD FLOOR.**

      **Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust V** ("Lender"), by counsel, submits the following in response to the Motion to Determine Void/Invalidate Foreclosure Sale filed by Ms. Vu ("Movant") on August 30, 2019 ("the Motion"):

1.    The bankruptcy petition filed in the instant case was time-stamped by the Clerk of the U.S. Bankruptcy Court for the Alexandria Division at 3:01 P.M. on August 26, 2019 and filed via ECF at 3:30 P.M. the same day.  See attached Exhibit A.

2.    A valid foreclosure sale of 42414 Chamois Court, Sterling, VA 20166 ("the Property") concluded at 10:44 A.M. on August 26, 2019, over four hours prior to the filing of the instant Chapter 13 case.  The Property was purchased by a third-party. See attached Exhibit B.  As such, the Debtor, an entity which does not appear on the underlying note or deed of trust that was subject to the foreclosure, had no

Brandon R. Jordan, Esquire
Counsel for Movant
Samuel I White, P.C.
Bar No. 72170
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
(804) 290-4290
File No. 63129

legal or equitable interest in the Property at the time of the bankruptcy petition in the case at bar.  *See Abdelhaq v. Pflug*, 82 B.R. 807, 809 (E.D. Va. 1988).

3.     On August 26, 2019, this Court issued a deficiency because the Debtor, a corporate entity, filed a bankruptcy petition without representation by an attorney. Because the aforementioned foreclosure sale was completed prior to the petition filing, the Property was not part of any subsequent bankruptcy estate - whether or not the instant bankruptcy petition was *void ab initio* as a result of said deficiencies.

4.     On August 30, 2019, Movant filed the Motion seeking to invalidate the sale and hold Lender "in contempt of court" on the grounds that the August 26, 2019 foreclosure was completed, "…during Auto Stay and Appeal Process of Co-Owner, Debtor, 18:11117 BFK & Civil Action 1:19cv634-LO-IDD."

5.     Movant's continued legal action, despite prior admonishment from this Court regarding attorney representation, further violates the requirement that corporations must be represented by legal counsel and may constitute the unauthorized practice of law.

6.     The allegations in the Motion are not accurate, as Lender had relief from the automatic stay in bankruptcy case 18-11117-BFK by the Order Granting Relief from the Automatic Stay entered May 15, 2019.  See attached Exhibit C.  Ms. Vu, despite not having clear legal standing, twice filed Motions for Reconsideration in the co-owner's bankruptcy case regarding the relief order (which were denied per attached Exhibit D) as well as an appeal related to the granting of a Rule 2004 Examination of Ms. Vu and the denial of Ms. Vu's request to Stay the bankruptcy case of Duc Nguyen (which was dismissed by the District Court per the final, unappealed opinion attached as Exhibit E).  There was no stay pending appeal requested or granted in 1:19-cv-00634-LO-IDD (per attached Exhibit F), so the relief order entered May 15, 2019 remained valid at all times during Ms. Vu's unfounded attacks.

7.     The Motion admits that the instant bankruptcy case was filed solely prevent a foreclosure sale.  Lender respectfully submits that dismissal with prejudice (including a one hundred and eighty day ban on Ms. Vu filing additional bankruptcy pleadings) would be an appropriate remedy for Movant's repeated attempts to delay and hinder creditors through unmeritorious filings.

WHEREFORE, the Lender asks this Court to deny the Motion, assess all legal fees and costs associated with Lender's response and hearing attendance against the Movant, dismiss the instant case with prejudice, and for any such additional relief as this Court deems proper.

Respectfully submitted,

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V

By: **/s/ BRANDON R. JORDAN**
Eric D. White, Esquire, Bar No. 21346
Michael T. Freeman, Esquire, Bar No. 65460
Brandon R. Jordan, Esquire, Bar No. 72170
Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
bjordan@siwpc.com

## CERTIFICATE OF SERVICE

I certify that on October 1, 2019, the foregoing Response was served via CM/ECF on all parties who receive electronic notice and that a true copy was mailed via first class mail, postage prepaid, to Global Realty Management, Inc., Debtor c/o Kimberly Vu, Debtor Designee/Movant, 42414 Chamois Court, Sterling, VA 20166.

**/s/ BRANDON R. JORDAN**
Brandon R. Jordan, Esquire
Samuel I. White, P. C.